GAHAN, Respondent, vs. LYMER, Appellant.

*May 9—June 18, 1928.*

For the appellant there was a brief by *Bird, Smith, Oko-neski & Puchner* of Wausau and *Geo. H. Kriete* of Chicago, Ill., and oral argument by *C. F. Smith.*

For the respondent there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *A. J. O'Melia.*

ESCHWEILER, J. This case is another illustration of the hardships that may arise and of the perplexities presented as to the titles to the vast quantities of lands in this state bordering on our myriad of lakes and streams where the meander lines as returned by the early government surveyors are so far away from the actual water lines intended to be so represented.

The actual northwestern shore line of Big Fork Lake being undisputedly the same when originally surveyed in 1859 as it is now, the plaintiff must be permitted, by his succeeding to the government title, to have whatever land or water fall within the proper boundaries of said lot 5; and having succeeded to the government title in 1925, there can be no adverse possession now successfully asserted as a defense. *Redfield v. Parks,* 132 U. S. 239, 247, 10 Sup. Ct. 83; *Gibson v. Chouteau,* 13 Wall. (80 U. S.) 92, 99.

The only competent evidence in this case of where the actual water line of Big Fork Lake crosses the various divisional lines of section 27 is that given by Mr. Hutchinson and his map, and supported as it was by Mr. Hall, another surveyor, who testified to having checked over Mr. Hutchin-

son's survey as to the northwest quarter of the section and found that portion correct, and testified from his knowledge and experience that the practice described and followed by Mr. Hutchinson in making the survey of the entire section was correct.

The prior surveys by Dorr and Vaughan, so much relied upon by defendant as showing good-faith purchase and improvements, were not documents receivable under any statute or rule of evidence as even *prima facie* proof of their correctness. The persons making the surveys were not witnesses on the trial below to testify as to the making of them, although one, Mr. Vaughan, was a witness in the *Thunder Lake Case,* involving this same section 27, mentioned above. The court below therefore properly ruled that there was before him no proper showing made to support the admission of either of such surveys in evidence.

The existence or locations of certain government posts were shown without question, the southeast, the southwest, and the northwest corners of section 27. Mr. Hutchinson ran north from the southeast corner one and a half miles to a found and unquestioned government post; he ran a mile and a half east from the northwest corner, reaching another found and unquestioned post; he then located on the ice in Big Fork Lake the proper intersection of those two lines by a proper proportional distribution of their lengths. From such established northeast corner on the ice he ran back to the established and recognized northwest corner and located the north quarter-post midways, the original north quarter-post being impossible of present location. Such north quarter-post was some 600 feet east and considerably north of the point appearing on the Dorr and Vaughan survey as their location of the north quarter-post.

He located the west quarter-post in the manner approved of in the prior case of *Thunder Lake L. Co. v. Carpenter,*

184 Wis. 580, 200 N. W. 302, *supra*, and approved of by the court below here, and which we again confirm. From such established points the rest of the survey made by Hutchinson, and establishing where the lake frontage line crosses the southeast corner of plaintiff's lot 5, cannot be successfully attacked and therefore further details of his survey do not need discussion.

*By the Court.*—Judgment affirmed.